Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION  ) ) ) | |
| ──────────────────────────────── ) | MDL NO. 1789 |
| *This Document Relates to:* ) | 1:06-md-1789 (JFK) |
| Carrie Smith, et al. ) | |
| v. Merck & Co., Inc., et al. ) | |
| Case No: 1:07-cv-9564-JFK ) | |
| ──────────────────────────────── ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
MERCK & CO., INC. TO DISMISS WITH PREJUDICE
THE CLAIMS OF PLAINTIFF PATRICE BALLUM FOR FAILURE
TO PROVIDE PLAINTIFF PROFILE FORM**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order dismissing with prejudice the claims of Plaintiff Patrice Ballum for failure to provide any response to the Plaintiff Profile Form ("PPF") as required by Case Management Order No. 3 ("CMO 3" or "the Order").

**PRELIMINARY STATEMENT**

As set forth more fully below, despite repeated demands, Plaintiff Patrice Ballum ("Plaintiff") has failed to serve *any* PPF as required by the plain terms of CMO 3. To be clear, this is not a situation where Merck is taking issue with the quality of the responses served by Plaintiff. Nor is Merck making this motion without having tried to remedy the situation by working with Plaintiff's attorneys. After the initial deadline to submit a PPF in this case passed, Merck not only sent Plaintiff's counsel a deficiency letter, but also reminded Plaintiff's attorneys thereafter of Plaintiff's failure to provide the required PPF. Plaintiff has never even attempted to remedy her failure to comply with the missed deadlines. Consequently, Merck respectfully requests that the Court dismiss this case with prejudice for failure to comply with the requirements of CMO 3.

**FACTUAL BACKGROUND**

On November 1, 2006, this Court entered CMO 3.[1] CMO 3 governs, among other things, the service and production requirements for PPFs and PPF-related documents. CMO 3, § 10.3. CMO 3 directs plaintiffs to serve "completed PPFs and Authorizations," within sixty (60) days "from the date their case is directly filed with the Court or, for cases transferred to this Court, the date their conditional order becomes final . . . ."[2] *Id.* The Order provides that Defendants may send a deficiency letter to counsel for plaintiffs if a completed PPF and set of Authorizations are not received within sixty (60) days and that upon receipt of this deficiency letter, plaintiffs have thirty (30) days to cure deficiencies noted in the PPF and Authorizations. *Id.* After this thirty-day "period to

---

[1] The PPF was finalized by Case Management Order No. 8 ("CMO 8"), entered on December 18, 2006.

[2] Plaintiff's case was transferred to this Court on October 26, 2007.

cure has run, defendants may move for sanctions, including . . . dismissal . . . with prejudice." *Id.*

Here, Merck forwarded CMO 3 and noted the PPF due date of December 26, 2007, in a letter to Plaintiff's counsel dated October 30, 2007. (Letter from counsel for Merck to Plaintiff's counsel, dated October 30, 2007, attached to the Declaration of Theodore V. H. Mayer ("Mayer Decl.") as Exhibit 1.)

After sixty days had passed without receipt of any PPF or Authorizations, pursuant to Section 10.3 of the Order, Merck notified Plaintiff's counsel that Plaintiff had failed to serve a verified PPF by the applicable deadline. (Mayer Decl. Ex. 2.)

By letter dated February 4, 2008, Merck, although not required to do so under CMO 3, provided yet another, final opportunity and an additional fifteen days. (Mayer Decl. Ex. 3.) Despite these requests, no PPF or Authorizations have been provided for this Plaintiff.

Over three months have now elapsed since Plaintiff's PPF was originally due. Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss Plaintiff's claims because she has failed to comply with CMO 3.

## **ARGUMENT**

This Court should dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiff has impeded discovery by failing to provide a PPF, authorizations for release of records, and other responsive documents.

The mandatory language of CMO 3 is clear:

> *[P]laintiffs…shall have sixty (60) days to submit completed PPFs and Authorizations to counsel for defendants.* To

> "submit completed PPFs and Authorizations" means to answer every question on the PPF and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating "not applicable" or "I don't know" and to provide all applicable Authorizations.

CMO 3, § 10.3 (emphasis added).  Plaintiff has failed to comply with CMO 3.  It is well-settled that failure by a plaintiff to meet discovery deadlines – as Plaintiff has done here by violating the clear mandates of CMO 3 – justifies dismissal of that plaintiff's complaint.  *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories).  Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2nd Cir. 1988) (citation omitted); *see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

Judge Kaplan of this Court dealt directly with this issue in *In re Rezulin Products Liability Litigation*, 223 F.R.D. 109 (S.D.N.Y. 2004), where defendants moved to dismiss certain cases due to those plaintiffs' failure to provide similar forms.  There, as here, plaintiffs were required to complete "Fact Sheets" pursuant to a pretrial order.  *Id.* at 111.  Despite that court order and repeated warning letters sent to the plaintiffs by defendants, plaintiffs failed to serve Fact Sheets or provided "materially incomplete responses."  *Id.*  Judge Kaplan, in granting a motion to dismiss, explained that the Second Circuit:

> [H]as emphasized that the harsh remedy of dismissal in an appropriate case is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a 'paper tiger.'" It has made clear that it intends "strictly to enforce sanctions provided for noncompliance with discovery orders" and that a "party who flouts such orders does so at [its] peril."  Moreover, although sanctions such as dismissal are "strong medicine," they are "necessary on appropriate

-4-

>occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators."

*Id.* at 116 (quoting *Update Art, Inc. v. Modiin Publishing*, 843 F.2d 67, 68, 71, 73 (2nd Cir. 1988)).[3]

As the *Rezulin* Court found under similar circumstances, any sanction short of dismissal would only encourage further noncompliance by other plaintiffs:

>To accept the plaintiffs' implicit argument that the Court's discovery and case management orders may be flouted freely by any plaintiff because the Court will indulge further extensions after the defendants file sanctions motions would reward noncompliant plaintiffs for their misconduct while effectively bringing hundreds of these cases to a near-halt as a result of fact-discovery compliance issues. This would be unacceptable.

*Id.* at 118. *See also In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (MDL Court dismissing various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms); *In re FACTOR VIII Prod. Liab. Litig.*, 2006 WL 3095747, at *1 (N.D. Ill. Oct. 27, 2006) (MDL Court holding that "the only effective sanction [is] a dismissal with prejudice" where plaintiffs failed to comply with court order setting deadline for providing Preliminary Patient Profile Forms); *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (affirming District Court's dismissal of the claims of 1,600 plaintiffs for plaintiffs' failure to comply with a pretrial order and provide basic information about their claims).

---

[3] The Supreme Court has similarly held that deterrence is one important purpose of Rule 37 sanctions:

>[A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643.

Moreover, the Court of Appeals for the Eighth Circuit recently affirmed the district court's dismissal of plaintiffs' claims for failure to file a timely fact sheet on a Rule 60(b) challenge, stating:

> Congress established MDL protocols to encourage efficiency. In order to do so, MDL courts must be able to "establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.
>
> Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [Plaintiffs].

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (citation omitted) (citing *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229, 1232 (9th Cir. 2006). Likewise, an MDL Court in California recently dismissed with prejudice plaintiffs' product liability claims for failing to comply with a pretrial order requiring provision of Plaintiff Fact Sheets by a particular date. *In re Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 3022241 (N.D. Cal. Oct. 12, 2007) (providing various justifications for dismissal, including public interest in expeditious resolution of litigation, a Court's need to manage its docket, and prejudice to defendants).

Here, Merck twice notified Plaintiff that she had failed to serve a PPF, and most recently reminded Plaintiff that she was in violation of CMO 3 and that dismissal was an available sanction under the Order. The PPF provides Merck with basic information necessary to defend these cases. Without a complete and verified PPF, Merck lacks

critical information about Plaintiff's background, her use of FOSAMAX®, the injuries alleged, health care providers who rendered care, and other information needed to defend itself against the claims alleged.

## **CONCLUSION**

Because of Plaintiff's total disregard for the mandatory requirements of CMO 3, Merck respectfully asks the Court to dismiss the claims of Plaintiff Patrice Ballum with prejudice.

DATED:   New York, New York
         April 16, 2008

>Respectfully submitted,
>
>HUGHES HUBBARD & REED LLP
>
>
>By: _____/s/_____
>     Norman C. Kleinberg
>     Theodore V. H. Mayer
>     William J. Beausoleil
>
>One Battery Park Plaza
>New York, New York 10004-1482
>(212) 837-6000
>
>Paul F. Strain
>M. King Hill, III
>David J. Heubeck
>Venable LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>(410) 244-7400
>
>*Attorneys for Defendant Merck & Co., Inc.*